IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Anna Bigham as the Personal Representative of the Estate of Mills Palmer Bigham,<br><br>   Plaintiff,<br><br>vs.<br><br>The United States of America,<br><br>   Defendant. | C/A No. 3:12-cv-01652-JFA<br><br><br>**ORDER** |

  Before the court is Plaintiff's Motion to Quash a subpoena issued by Defendant for the deposition of Margaret Palmer (ECF No. 50), and Plaintiff's subsequent alternative Motion for a Protective Order (ECF No. 56), also requesting the court to prevent the deposition of Margaret Palmer.  Margaret Palmer is the mother of Mills Palmer Bigham, a United States Marine Corp. veteran, who served in Iraq and Kuwait.  Plaintiff claims that Mills Palmer Bigham's service caused a number of health issues and that Defendant provided substandard medical care to Mr. Bigham.  Mills Palmer Bigham committed suicide in October of 2009.

  The court denies Plaintiff's Motion to Quash because only the court where the deposition is to be taken may quash such a subpoena.  Fed. R. Civ. P. 45(d)(3) ("[T]he court for the district where compliance is required must quash or modify a subpoena.").  Here, Margaret Palmer's deposition is to be taken in Florida, not South Carolina.

  Moreover—for purposes of the Motion to Quash—the court does not find an undue burden on Margaret Palmer.  Fed. R. Civ. P. 45(d)(3)(A)(iv).  Nor does the court—for purposes of the Motion for Protective Order—find good cause to issue an order protecting Margaret Palmer "from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R.

Civ. P. 26 (c)(1)(A). Admittedly, discussing the death of her son may be "detrimental and harmful to [Margaret Palmer's] emotional and mental health and well-being," as stated in the affidavit and letter of Ayanna Swinton-Jamison, M.D. ECF No. 51. But, Margaret Palmer's testimony is crucial to the claims in this case. In fact, Plaintiff's own complaint alleges that "On September 17, 2009, Mr. Bigham's mother called VAMC again on October 1, 2009 expressing concerns that her son might kill himself due to his anger issues." ECF No. 1.

For these reasons, the court denies both Plaintiff's Motion to Quash (ECF No. 50) and Plaintiff's Motion for Protective Order (ECF No. 56).

IT IS SO ORDERED.

April 22, 2014
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge