IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Anna Bigham as the Personal Representative of the Estate of Mills Palmer Bigham, | ) ) ) ) | Civil Action No.: 3:12-1652-JFA |
| Plaintiff, | ) ) | **AMENDED ORDER APPROVING SETTLEMENT** |
| vs. | ) ) | |
| United States of America, | ) ) | |
| Defendant. | ) | |

This Court finds the Petition of Anna Bigham as the Personal Representative of the Estate of Mills Palmer Bigham, shows:

1.  Anna Bigham was substituted as Personal Representative of the Estate of Mills Palmer Bigham on February 5, 2014.

2.  This is a medical malpractice claim under the Federal Tort Claims Act concerning the alleged substandard medical and nursing care provided to veteran Mills Palmer Bigham by agents, servants, and employees of the William Jennings Bryan Dorn VA Medical Center in Columbia, South Carolina ("Dorn VAMC").

3.  Mr. Bigham served in the United States Marine Corps from October 2004 through October 2008, when he was honorably discharged. While in the United States Marine Corp, he served two tours of combat duty. Mr. Bigham experienced great difficulty assimilating back into civilian life. Mr. Bigham suffered from depression, hopelessness, irritability, and anger issues. Mr. Bigham sought help from Defendant's agents and representatives at the Dorn VAMC beginning in February 2009. Plaintiff alleges that healthcare providers at the Dorn VAMC failed

to provide appropriate mental health care to Mr. Bigham and that they should have taken steps to provide him involuntary or voluntary inpatient treatment on several occasions. Plaintiff further alleges that the failure of Dorn VAMC to have Mr. Bigham involuntarily committed resulted in his death on October 19, 2014 from a self-inflicted gun-shot wound to the head.

4. The circumstances leading up to and surrounding this incident have been thoroughly investigated by investigators, medical professionals, and attorneys representing the Plaintiff/Petitioner.

5. That the Plaintiff/Petitioner and the attorneys for the settling Defendant have arrived at an agreed settlement for the decedent's claims against the settling Defendant in these claims and Insurer(s) or any of its insured individuals and entities as a result of the said treatment. That the agreed settlement and compromise contemplates the release, ending and termination of all claims and actions based on causes surviving to Anna Bigham, as the Personal Representative of the Estate of Mills Palmer Bigham, or any person, in any way arising, asserted or brought under or by virtue of any South Carolina or Federal statute, or by common law against the settling Defendant, in these claims and Insurer(s) or any of its insured individuals and entities. The total amount paid by the Defendant is the amount of $400,000.00.

6. The Defendant has liability coverage for this claim.

7. The Petitioner agrees to release defendants from any and all liability as a result of settling this claim with the Plaintiff/Petitioner.

8. The Petitioner is not aware of any claims filed against this estate.

9. With respect to the $400,000.00 of the total settlement, $400,000.00 shall be allocated to wrongful death.

10.     The attorneys for the Petitioner shall receive $100,000.00 as payment of attorney fees and the amount of $36,193.39 as costs incurred during the representation of the Petitioner in this matter.

11.     Under South Carolina's Wrongful Death Statute, Margaret Palmer and John Bigham are Mills Bigham's heirs at law. Margaret Palmer survived Mills Bigham by 120 hours and left all of her possessions to Anna Bigham. Accordingly, both Anna and John Bigham are entitled to 50% of the total settlement funds.

12.     Previously, 50% of the settlement funds were allocated to Plaintiff's survival cause of action. The beneficiaries of Mr. Bigham's estate are John Bigham and Margaret Palmer (who survived her son by more than 120 hours). Ms. Palmer died with a will, leaving all of her possessions to Anna Bigham.

13.     This Court approved a settlement recognizing John Bigham as the sole beneficiary of the Estate as it was made not clear during the hearing that Ms. Palmer survived her son by more than 120 hours.

14.     Counsel for Plaintiff requests an Amended Order reflecting the appropriate distribution of funds and placing all of the settlement funds on Plaintiff's wrongful death claim.

15.     Mr. Bigham and Anna Bigham should receive the following total amount from the $263,806.61 settlement as follows:

        a. John Bigham: $131,903.30

        b. Anna Bigham as the designated heir of Margaret Palmer: $131,903.30

15.     The Petitioner has agreed to dismiss with prejudice all claims asserted in the Lawsuit against all named Defendants in this matter.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that this Court approves the settlement proposal as presented herein.

The settlement is approved as stated and this Court concludes this matter and forever forecloses any further action against these named Defendants arising from medical care the decedent, Mills Palmer Bigham received, and any other claims that were or could have been asserted in the Lawsuit.

IT IS SO ORDERED.

March 20, 2015  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge